IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| NEBRASKA DATA CENTERS, LLC, | |
|---|---|
| Plaintiff, | 8:17CV369 |
| vs. | MEMORANDUM AND ORDER |
| LEO KHAYET, | |
| Defendant. | |

The above-captioned case arises from a contractual agreement between Plaintiff Nebraska Data Centers ("NDC") and Defendant Leo Khayet. On August 8, 2017, the parties entered into a Consulting Agreement wherein Khayet agreed to assist NDC in the potential sale of the company to third parties. After a breakdown in the parties' relationship, on October 5, 2017, NDC filed its complaint requesting a declaratory judgment to determine the parties' rights and obligations under the Consulting Agreement. (Filing No. 1). The complaint alleges that after NDC had terminated the contract, Khayet insisted he had a right to perform his contractual duties and took action which caused harm to NDC and its business relationships. (Filing No. 1 at CM/ECF p. 3; Filing No. 11 at CM/ECF pp. 3–4).

On November 2, 2017, NDC filed its amended complaint adding claims for tortious interference with a business relationship or expectancy; fraud; negligent misrepresentation; breach of contract; violations of the Junkin Act, Neb. Rev. Stat. § 59-805; unfair competition; violations of the Nebraska Uniform Deceptive Trade Practices Act, and trademark infringement. (Filing No. 11).

This case has been subject to extensive motion practice. The following motions are currently pending before the undersigned magistrate judge:

[Filing No. 82](#) – Defendant's Motion to Disqualify Plaintiff's Counsel and Request for Hearing and Expedited Ruling.

[Filing No. 95](#) – Plaintiff's Motion to Show Cause.

[Filing No. 93](#) – Defendant's Motion to Initiate Disciplinary Procedures against Plaintiff's Counsel and Request for Hearing and Expedited Ruling.

[Filing No. 105](#) – Defendant's Motion to Strike and Substitute.

[Filing No. 115](#) – Defendant's Motion for Extension of Time to File Reply Brief In Support of Defendant's Motion to Initiate Disciplinary Procedures.

[Filing No. 116](#) – Defendant's Motion to Strike and Substitute.

[Filing No. 117](#) – Defendant's Motion to Strike and Substitute.

[Filing No. 119](#) – Defendant's Motion to Compel Preservation of Documents.

[Filing No. 125](#) – Defendant's Motion to Hold a Status Conference.

[Filing No. 126](#) – Defendant's Motion to Hold Scheduling Conference.

[Filing No. 127](#) – Defendant's Motion for Case Management Conference.

[Filing No. 131](#) – Plaintiff's Motion to Strike.

[Filing No. 134](#) – Defendant's Motion to Strike.

[Filing No. 137](#) – Defendant's Motion to Restrict.

[Filing No. 139](#) – Defendant's Motion to Strike.

I. Plaintiff's Motion to Show Cause (Filing No. 95).

First and foremost, the undersigned needs to address Plaintiff's Motion to show cause. (Filing No. 95). NDC has moved for an order requiring Benjamin Stern to show cause why he should not either: (1) associate with local counsel and enter a formal appearance before this Court; or (2) cease his participation in this case. (Id.). Stern, an attorney admitted to practice before the United States District Court for the Southern District of New York and the United States District Court for the Eastern District of New York, has been assisting pro se defendant Khayet in the preparation of his motions and briefs in this matter as well as directly emailing Plaintiff's counsel on the defendant's behalf. (See Filing No. 83 at CM/ECF pp. 12, 22; Filing No. 118-1 at CM/ECF p. 2; Filing No. 120). Stern is not admitted to practice before this court nor has he sought to enter an appearance in this case.

The court has determined that it will not enter an order requiring Stern to show cause. However, since Khayet has an attorney assisting him, his filings will not receive the liberal construction typically afforded to pro se litigants.

NDC's Motion to Show Cause, (Filing No. 95), will be denied.

II. Defendant's Motion to Disqualify Plaintiff's Counsel (Filing No. 82).

"A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." Macheca Transport Co. v. Philadelphia Indemnity Insurance, Co., 463 F.3d 827, 833 (8th Cir. 2006). "The decision to grant or deny a motion to disqualify an

attorney rests in the discretion of the [district] court," Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1154 (8th Cir. 1999) (internal quotations omitted), and motions to disqualify must be subjected to "particularly strict scrutiny" due to the potential for abuse. Droste v. Julien, 477 F.3d 1030, 1035 (8th Cir. 2007).

Violations of ethical guidelines may provide a basis for disqualifying an attorney, but the Eighth Circuit has not adopted a bright line rule requiring disqualification in all cases where an ethics violation has occurred or will occur unless the attorney in question is disqualified. See Ark. v. Dean Foods Prods. Co., 605 F.2d 380, 383 (8th Cir. 1979) overruled on other grounds, In re Multi-Piece Rim Prod. Liab. Litig., 612 F.2d 377 (8th Cir. 1980).

In October of 2017, Khayet filed a lawsuit in the District of Kansas (the "Kansas lawsuit") against NDC president Todd Cushing. See Khayet v. Cushing, 2:17cv2624 (D. Kan. October 26 2017). On January 26, 2018, this court granted NDC's motion to enjoin Khayet from prosecuting the Kansas lawsuit, finding that it was a parallel litigation consisting of substantially the same issues and parties. (Filing No. 76 at CM/ECF pp. 16–17). In holding the two cases had substantially the same parties, the court reasoned that because "Cushing is the president of NDC and Khayet's claims against him arise out of the same set of facts as NDC's claims against Khayet in this action[,]" Cushing and NDC's interests in both cases are aligned. (Filing No. 76 at CM/ECF p. 17).

Khayet claims Plaintiff's counsel, Robert W. Futhey and the Fraser Stryker law firm, must be disqualified due to a conflict of interest and their continued representation of NDC violates Nebraska Rules of Professional Conduct §§ 3-501.1, 501.5, 501.7, 501.10, and 501.13. (Filing No. 82). More specifically, Khayet argues that Futhey and Fraser Stryker's representation of NDC conflicts with its representation of Cushing in the Kansas lawsuit due to adverse interests.

4

As an initial matter, Khayet must demonstrate that he has standing to bring a motion to disqualify based on a perceived conflict of interest between Cushing and NDC. Typically, a party shows standing by demonstrating he will be prejudiced by the conflicted representation, but a party may also show standing when there is a "perceived threat to the fairness of the proceeding" because the conflicted parties are not aware of or are unable to appreciate the seriousness and injustice of the conflict. See Hawkes v. Lewis, 586 N.W.2d 430, 436 (1998), overruled on other grounds, Heckman v. Marchio, 894 N.W.2d 296 (2017). The court in Hawkes reasoned that intervention by a third party may be necessary where the parties do not have the benefit of independent legal counsel to advise them and where the conflict was serious. Id.

Khayet claims he has standing to address the disqualification issue because NDC and Cushing lack sufficient information and understanding to file their own motion to disqualify.[1] The court does not find this argument availing. NDC and Cushing are sophisticated clients capable of assessing the pros and cons of joint representation, and they are each able to exercise an informed choice regarding counsel. In fact, Cushing has local counsel in the Kansas litigation apart from Futhey and Fraser Stryker.

Additionally, the Hawkes exception to standing applies only when the conflict is serious. The undersigned finds that the potential conflict in this matter does not reach the level of severity described in Hawkes for several reasons. First, as this court has already determined, Cushing and NDC's interests in the this and the Kansas lawsuit are aligned not opposed. (Filing No. 76 at CM/ECF p.

---

[1] Apart from claiming he has standing under the Hawkes exception, Khayet fails to show he would be prejudiced by the alleged conflict in representation of NDC and Cushing. See Harrington v. Hall Cty. Bd. of Supervisors, No. 4:15CV3052, 2015 WL 12697085, at *6 (D. Neb. Aug. 14, 2015).

17). Secondly, due to this finding, this court subsequently enjoined Khayet from prosecuting the Kansas lawsuit to which Cushing is a defendant. That is, there is currently no chance the alleged conflict causing any harm. Finally, in accordance with Nebraska rules of conduct, NDC and Cushing have executed conflict waivers which NDC would be willing to submit to the court for *in camera* review if a conflict did indeed exist. (Filing No. 92 at CM/ECF p. 8); see Neb. Ct. R. of Prof. Cond. § 3-501.7(b) (allowing clients to waive a concurrent conflict of interest by written informed consent).

Khayet additionally argues Plaintiff's counsel should be disqualified due to "improper professional behavior" including "unnecessary billable work,"[2] allegedly misrepresenting court orders and the facts of this case, and for "threats" against Khayet. (See Filing No. 83).

Regarding the alleged threats from Plaintiff's counsel, Khayet claims NDC's counsel threatened to add additional claims to the above-captioned action and also threatened file a motion for sanctions against Defendant for numerous, repetitive, and harassing filings. If a good faith basis exists to do so, a litigant is entitled to take each of these actions; therefore, the court does not find them to be "threats." In fact, a party cannot file a motion for sanctions under Federal Rule of Civil Procedure 11 until after the opposing party is informed of the grounds for sanctions and the opposing party has an opportunity to respond. See Fed. R. Civ. P. 11(c)(1).

---

[2] Concerning the "unnecessary billable work," Khayet provides an extensive list of criticisms regarding the arguments made and briefing completed by Plaintiff's counsel throughout this litigation. Neither the court nor Defendant are authorized or empowered to decide how Plaintiff's counsel will litigate this matter. And it is certainly not appropriate for the court to interfere into NDC's employment relationship with its counsel.

After reviewing the parties' briefs and evidence submitted, the undersigned finds that none of the reasons listed by Khayet warrant disqualifying Plaintiff's chosen counsel.

For the above foregoing reasons, Defendant's motion to disqualify Plaintiff's counsel, (Filing No. 82), including his request for a stay and a hearing regarding this matter, will be denied.

III. Defendant's Motion to Initiate Disciplinary Procedures (Filing No. 93) and Motion to Extend Time to File Reply Brief (Filing No. 115).

On March 2, 2018, Defendant filed a Motion to Initiate Disciplinary Procedures. (Filing No. 93). However he failed to file a brief supporting his motion in compliance with Nebraska Civil Rule 7.1(a)(1)(A). On March 23, 2018, Khayet sought an extension to file his reply brief supporting the motion, which the court granted. The deadline was extended to March 26, 2018. On March 27, 2018, the day after Defendant's reply brief was due, Khayet again filed a motion to extend the time to file a reply brief in support of his motion.

Khayet provides no explanation as to why he failed to file a brief contemporaneous with his motion or why he was unable to file his reply by the extended deadline. The court has previously reminded Defendant of Civil Rule 7.1(a)(1)(A), which requires a supporting brief to be filed contemporaneous with a motion. (See Filing Nos. 63, 76). Accordingly, Defendant's Motion Initiate Disciplinary Procedures (Filing No. 93) and the Motion to Extend, (Filing No. 115), will be denied.

IV. Defendant Khayet's Motions to Strike and Substitute (Filing Nos. 105, 116 & 117).

Khayet seeks to strike Filing Nos. 81-1 and 81-2 and substitute those filings with Filing No. 104 and the attached exhibits. Filing Nos. 81-1 and 81-2 were exhibits Khayet filed in support of his motion to stay, (Filing No. 81), which was denied on February 23, 2018. (Filing No. 90). Accordingly, Defendant's motion to strike and substitute, (Filing No. 105), is denied as moot.

In Filing No. 116, Khayet seeks to strike Filing No. 114 and substitute it for Filing No. 116-1. Khayet explains he accidentally filed the declaration of Benjamin Stern as Filing No. 114 in the place of his own declaration to support his opposition to NDC's Motion for Sanctions. This motion is not opposed. In fact, Defendant's next Motion to Strike (Filing No. 117), merely states that Filing No. 116 is unopposed. Accordingly, Khayet's Motion to Strike, (Filing No. 116), is granted and his unopposed Motion to Strike, (Filing No. 117) is denied as moot.

V. Defendant's Motion to Compel Preservation of Documents (Filing No. 119).

On December 23, 2017 this court entered a temporary restraining order (the "TRO") prohibiting Defendant from contacting numerous individuals and entities related to and connected with the plaintiff company including NDC's owners, principals, officers, and employees as well as immediate family members of these individuals. (See Filing No. 53). Due to the TRO, Defendant's motion to compel document preservation seeks court-ordered litigation holds on certain individuals, many, if not all, of whom are the subject of this court's temporary restraining order.

Litigation holds are notices or instructions sent by a party or his counsel directing the opposing parties or potential parties to preserve documents that may be relevant to the issues to be raised through litigation. The defendant states in his motion that he has already advised all the individuals listed in his motion of the possibility of future litigation. While the court can compel a party in a captioned case to preserve documents, there is no mechanism under the Federal Rules of Civil Procedure for the court to issue litigation holds on non-parties who are not involved in the current litigation. Accordingly, Defendant's Motion to Compel Preservation of Documents, ([Filing No. 119](#)), will be denied and the defendant is reminded to adhere to the TRO ordered by the court in December.

VI. <u>Defendant's Motion to Hold a Status Conference ([Filing No. 125](#)), Motion to Hold a Scheduling Conference, ([Filing No. 126](#)), and Motion for a Case Management Conference ([Filing No. 127](#)).</u>

The court will deny Defendant's Motion to Hold a Status Conference, Motion for a Scheduling Conference, and Motion for a Case Management Conference. Although there are 140 filings on the docket sheet to date, this case has not yet progressed past the pleading stage, and there are no progression deadlines to discuss. The undersigned magistrate will hold a conference call to discuss case progression after a ruling is entered on Defendant's third motion to dismiss.

VII. <u>Defendant's Motion to Strike Notice, ([Filing No. 134](#)), and Motion to Restrict, ([Filing No. 137](#)),</u>

On April 19, 2018, Defendant Khayet filed a "Notice of Criminal Activity" and a separate index of evidence regarding his notice. (<u>See</u> [Filing Nos. 132](#) & [133](#)). The following day, the defendant filed a motion to strike the notice due to

typographical errors and then filed a new notice and attachment. (See Filing Nos. 134, 135, & 136). Finally, Defendant filed a motion seeking to restrict access to Filing Nos. 132–136, stating that they contain sensitive information which may affect criminal proceedings outside of this case. (Filing No. 137). Defendant also requests within his notice that the above-captioned case be dismissed immediately.

Even if criminal activity was occurring contemporaneous to this case, it does not affect the legitimacy of the claims in this case and would not result in dismissal. Further, as discussed above, the court does not believe there has been any wrongdoing by Plaintiff's counsel or the Fraser Stryker law firm.

That said, the court will grant defendant's Motion to Strike, (Filing No. 134), and Motion to Restrict, (Filing No. 137).

VIII.   Defendant's Motion to Strike Notice of NDC Salaries (Filing No. 139)

On April 23, 2018, Defendant Khayet filed a "Notice of NDC Salaries" which lists individuals associated with NDC, their personal information, and their salaries. (Filing No. 138). On the same date, the defendant filed a motion to strike the notice due to typographical errors, (Filing No. 139), and then filed an additional notice including all of his email correspondence with Plaintiff's counsel concerning the NDC salaries document. (Filing No. 140).

Khayet's Notice of NDC Salaries is extremely improper and harassing. And the notice is not relevant to any of the issues in this case. The defendant is advised that if he continues to file irrelevant and harassing notices, the court will

impose sanctions upon Khayet in accordance with 28 U.S.C § 1927.[3] See Wallace v. Kelley, 4:06CV3214, 2007 WL 2248105, at *3 (D. Neb. Aug. 1, 2007) (holding that 28 U.S.C. § 1927 applies to pro se litigants).

The court has, on its own motion, restricted access to Defendant's notice of NDC salaries, (Filing No. 138) and it will also grant Filing No. 139 and strike that filing.

IT IS ORDERED:

1) Defendant's Motion to Disqualify and request for expedited ruling and a hearing (Filing No. 82), is denied in its entirety.

2) Defendant's Motion to Initiate Disciplinary Procedures, (Filing No. 93), is denied.

3) Plaintiff's Motion to Show Cause, (Filing No. 95), is denied.

4) Defendant's Motion to Strike and Substitute, (Filing No. 105), is denied as moot.

5) Defendant's Motion for Extension of Time to File Reply Brief In Support of Defendant's Motion to Initiate Disciplinary Procedures, (Filing No. 115), is denied.

6) Defendant's Motion to Strike and Substitute, (Filing No. 116), is granted.

7) Defendant's Unopposed Motion to Strike and Substitute, (Filing No. 117), is denied as moot.

---

[3] "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

8) Defendant's Motion to Compel Preservation of Documents, ([Filing No. 119](#)), is denied.

9) Plaintiff's Motion to Strike, ([Filing No. 131](#)), is granted.

10) Defendant's Motion for a Status Conference, ([Filing. No. 125](#)), is denied.

11) Defendant's Motion for a Scheduling Conference, ([Filing No. 126](#)), is denied.

12) Defendant's Motion for Case Management Conference, ([Filing No. 127](#)), is denied.

13) Defendant's Motion to Strike, ([Filing No. 134](#)), is granted.

14) Defendant's Motion to Restrict, ([Filing No. 137](#)), is granted.

15) Defendant's Motion to Strike, ([Filing No. 139](#)), is granted.

Dated this 24th day of April, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge