IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEBRASKA DATA CENTERS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> LEO KHAYET, <br><br> Defendant. | **8:17CV369** <br><br> **ORDER** |

Defendant has moved for reconsideration of my prior orders and for recusal. (Filing No. 156).

As to Defendant's motion to recuse, pursuant to 28 U.S.C. § 455(a), "Any . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. "In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.

In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). See also United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.) "[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d 367, 370 (8th Cir. 1994). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the

substantial burden of proving otherwise." [Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003)](Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003)).

Defendant requests my recusal because he does not agree with my interpretation of the law, facts, and rules applicable to the proceedings before me. Opinions formed by the judge on the basis of facts introduced or events occurring in the course of proceedings may provide a proper ground for appeal, but almost never constitute a valid basis for recusal. [Liteky v. United States, 510 U.S. 540, 555 (1994)](Liteky v. United States, 510 U.S. 540, 555 (1994)).

Defendant further asks that I reconsider the rulings in Filings 141, 150, and 152. Judge Smith Camp has denied Defendant's objections to these rulings for failing to file a supporting brief, and as such, those rulings are now affirmed. Moreover, a motion for reconsideration should be denied absent "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." [Activision TV, Inc. v. Bruning, 8:13CV215, 2014 WL 1350278, at *1 (D. Neb. Apr. 4, 2014)](Activision TV, Inc. v. Bruning, 8:13CV215, 2014 WL 1350278, at *1 (D. Neb. Apr. 4, 2014)) (collecting cases).

Defendant's motion fails to meet this threshold standard for reconsideration. It will be denied.

Accordingly,

IT IS ORDERED:

1) Defendant's motion to strike, ([Filing No. 155](Filing No. 155)), is granted and his motion for reconsideration, ([Filing No. 154](Filing No. 154)), is stricken.

2) Defendant's motion for reconsideration and for recusal, ([Filing No. 156](Filing No. 156)), is denied.

Dated this 14th day of May, 2018.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge