IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEBRASKA DATA CENTERS, LLC, and AMERICAN NEBRASKA LIMITED PARTNERSHIP,<br><br>               Plaintiffs,<br><br>   vs.<br><br>LEO KHAYET, and TIMBER VENTURES, LLC,<br><br>               Defendants. | **8:17CV369**<br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

Plaintiffs filed a Second Amended Complaint on May 24, 2018. The newly added defendant, Timber Ventures, LLC, was served on May 29, 2018. (Filing No. 194). The answer deadline for Timber Ventures LLC., was therefore June 19, 2018. See Fed. R. Civ. P. 12 (a)(1)(A)(i) (21 days following May 29, 2018, the date Timber Ventures was served by certified mail).

Plaintiffs' Second Amended Complaint was served on Defendant Khayet through the court's electronic filing system, CM/ECF, on May 24, 2018, and by first-class United States mail on May 25, 2018. (Filing No. 166). Construing the answer deadline in favor of pro se Defendant Khayet,[1] his answer was due no later than June 11, 2018.

On the court's own motion, the court entered an order on June 11, 2018 setting a June 15, 2018 answer deadline as to both defendants. That order was

---

[1] A defendant who has previously entered an appearance must respond to an amended complaint within 14 days after receiving service through the court's electronic filing system. Fed. R. Civ. P. 15(a)(3). Three days are added to this 14-day response deadline when the amended complaint is served by mail. Fed. R. Civ. P. 6(d).

amended on June 11, 2018 to clarify that Defendant Khayet's answer deadline was June 15, 2018, and Defendant Timber Ventures' deadline remained June 19, 2018.

To date, Defendants have not answered or otherwise responded to Plaintiffs' Second Amended Complaint.

Accordingly,

IT IS RECOMMENDED to the Honorable Laurie Smith Camp, United States District Judge, pursuant to 28 U.S.C. § 636(b), that:

A.  A default judgment be entered against Defendants without further notice as follows:

1)  A judgment is entered which declares that the corporate veil of Defendant Timber Ventures is pierced such that any actions Defendant Khayet has undertaken in connection with Plaintiffs in the name of Defendant Timber Ventures is directly imputed to Defendant Khayet;

2)  A declaratory judgment is entered against Defendant Khayet as requested in Count I of the Second Amended Complaint; and

3)  A permanent injunction is entered against Defendants restraining and enjoining Defendant Khayet and Defendant Timber Ventures from further violating the Consulting Agreement entered into by Plaintiff NDC and Defendant Khayet on August 8, 2017 (the "Agreement"), including prohibiting Defendant Khayet in his own name and/or in and through the name of Defendant Timber Ventures from (a) discussing, contacting, or otherwise communicating any matter referencing, relating to, or associated with the Agreement, or with Plaintiffs; (b)

3

holding himself out as an agent or otherwise as a person authorized to transact business on behalf of Plaintiffs; and (c) taking any action that would tend to harm the Plaintiffs or the Plaintiffs' business operations.

B. A default be entered against Defendant on Plaintiffs' claims for recovery of damages (Counts II through VI), the amount of such damage to be determined in a separate hearing or trial.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS FURTHER ORDERED: The clerk shall mail a copy of this recommendation to Defendant Timber Ventures, LLC at its address of record.

June 25, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge