# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NEBRASKA DATA CENTERS, LLC, and AMERICAN NEBRASKA LIMITED PARTNERSHIP,<br><br>    Plaintiffs,<br><br>vs.<br><br>LEO KHAYET, and TIMBER VENTURES, LLC,<br><br>    Defendants. | 8:17CV369<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Findings and Recommendation issued by Magistrate Judge Cheryl R. Zwart, ECF No. 195, on June 25, 2018. For the reasons stated below, the Court will modify the action proposed in the Findings and Recommendation.

## BACKGROUND

On May 5, 2018, the Court granted, in part, Defendant Leo Khayet's Motion to Dismiss Plaintiff Nebraska Data Centers' (NDC) Amended Complaint. Mem. & Order, ECF No. 158. The Order permitted NDC to file a second amended complaint, which it did on May 25, 2018. Second Am. Comp., ECF No. 166. On June 11, 2018, the Magistrate Judge issued a text order instructing Khayet to answer or otherwise respond to the Second Amended Complaint by June 15, 2018, and instructing Defendant Timber Ventures, LLC, to answer or otherwise respond by June 19, 2018.[1]

---

[1] Defendant Timber Ventures, LLC, was added to this action in the Second Amended Complaint, and service of process was affected on May 29, 2018, ECF No. 171.

Since the Second Amended Complaint was filed, Khayet has filed several repetitive motions[2] requesting various forms of relief, including dismissal, transfer, and a stay of this case, but each of those motions was summarily denied and he has yet to file an answer to the Second Amended Complaint. He also declined participation in a scheduled show-cause hearing before the Magistrate Judge on June 19, 2018. ECF No. 189. No appearance or filings have been made on behalf of Timber Ventures, LLC.

Accordingly, the Magistrate Judge has recommended that the Court enter default judgment against Khayet and Timber Ventures, LLC, because they have failed to answer the Second Amended Complaint. Khayet did not object to the Findings and Recommendation under 28 U.S.C. § 636(b)(1), but submitted a Notice of Fraud on the Court, ECF No. 196, and other related filings, ECF No. 197, 199, persisting in his demands for transfer or dismissal of this case.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the Findings and Recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**DISCUSSION**

Rule 55 prescribes a two-step process for obtaining a default judgment. "When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry

---

[2] ECF Nos. 173 ("Motion to Restore Justice"), 181 ("Motion to Stay and Vacate"), 183 ("Motion for Reconsideration"), 190 ("Motion to Affirm Willingness to Assert NEGenR. 1.1(c) and Fed Rule 1").

of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Tollefson v. Pladson*, 508 F. App'x 593, 595 (8th Cir. 2013) (concluding that the district court erred by entering "default judgment without first directing a clerk's entry of default under Rule 55(a)"). Further, the Court cannot enter default judgment absent a motion by the party seeking the judgment. Fed. R. Civ. P. 55(b) (stating a "party must apply to the court for a default judgment"). There has been no entry of default under Rule 55(a) and no application for default judgment under Rule 55(b) in this case. Default judgment under Rule 55(b) is, therefore, premature.

Nevertheless, Timber Ventures, LLC, has yet to make an appearance, and Khayet must not be permitted to persist in his repetitive motions and notice-filings requesting dismissal, transfer, or a stay of the case, delaying its progression. *See* Fed. R. Civ. P. 1 (The Federal Rules must be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding."). Accordingly, the Court will modify the Findings and Recommendation to direct Khayet and Timber Ventures, LLC, to file an answer to the Second Amended Complaint on or before July 17, 2018. If no answer is filed, the Clerk of Court will be directed to enter default against Khayet and Timber Ventures, LLC,[3] under Fed. R. Civ. P. 55(a). If default is entered, the Plaintiffs may then move the Court to enter a default judgment in accordance with Rule 55(b), and Khayet

---

[3] The Court notes that Khayet has chosen to proceed pro se in this case, but he may not represent Timber Ventures, LLC; only a licensed attorney may do so. *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

3

and Timber Ventures, LLC, may also move to set aside the default for "good cause" under Rule 55(c).

IT IS ORDERED:

1. The Findings and Recommendation issued by Magistrate Judge Cheryl R. Zwart, ECF No. 195, are modified in accordance with this Memorandum and Order;

2. Defendants Leo Khayet and Timber Ventures, LLC, must file an answer to the Second Amended Complaint on or before July 17, 2018; and

3. The Clerk of Court shall mail a copy of this Memorandum and Order to Defendants Leo Khayet and Timber Ventures, LLC, at their last known addresses.

Dated this 10th day of July, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge